J-A26037-18

2019 PA Super 113

| | | |
|---|---|---|
| POPS PCE TT, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| R&R RESTAURANT GROUP, LLC., | : | |
| F/K/A BREWSTONE PITTSBURGH, | : | |
| LLC | : | No. 644 WDA 2018 |
| | : | |
| Appellant | | |

Appeal from the Order April 9, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 15-11052

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

CONCURRING & DISSENTING OPINION BY MURRAY, J.:

FILED APRIL 11, 2019

I agree with the Majority that Appellant's first claim is waived, and the trial court did not abuse its discretion in finding that Appellant's July 1, 2014 letter did not terminate the parties' lease.  See Majority Opinion at 11, 13. However, I disagree with the Majority's resolution of Appellant's accelerated rent, equity, and discovery claims, and thus would affirm the trial court's order denying Appellant's petition to open the confessed judgment.

First, with respect to the award of accelerated rent, Pops suggests that Appellant has waived any challenge for failure to preserve it before the trial court.  Pops' Brief at 32.  I agree.

Appellant avers that because Pops was previously granted repossession

of the property, Pops was precluded from taking accelerated rent. In support, Appellant cites Onal v. BP Amoco Corp., 275 F.Supp.2d 650 (E.D.Pa. 2003), and Pierce v. Hoffstot, 236 A.2d 828 (Pa. Super. 1967). Appellant's Brief at 28 (citing Onal for the proposition that upon material breach of a commercial lease, a landlord may only elect: (1) repossession with actual damages as of the time of judgment; or (2) "acceleration of the balance due").

However, Appellant's petition to open the confessed judgment made absolutely no mention of the $2.3 million accelerated-rent award. Instead, with respect to the fact that Pops repossessed the premises, the petition averred, in a single sentence, a different claim — that Pops was precluded from entering confessed judgment under Paragraph 45[1] of the Lease. See Appellant's Petition to Open, 7/22/15, at ¶¶ 14(D), 20(D). Similarly, Appellant in its supplemental brief reiterated — again, in a single sentence —

_____

[1] Paragraph 45 of the lease states:

> Confession of judgment: In addition to the other remedies herein provided to [Pops], in the event of default by [Appellant, Appellant] hereby empowers any attorney of any court of competent jurisdiction to appear for [Appellant] and, with or without one or more complaints filed, to enter a judgment . . . against [Appellant] in favor of [Pops] for (i) unpaid rentals and other sums due under this lease, whether by acceleration or otherwise, together with reasonable costs of suit and reasonable attorneys' commission for collection and/or (ii) possession of the premises, with release of all errors and without stay of execution. . . .

See Pops' Complaint in Confession of Judgment, 6/30/15, Exhibit A (Lease, 12/22/13) (Lease) at 42 (emphases added).

that Pops "received possession of the leased premises and thus was precluded [from] entering the confessed judgment pursuant to Article 45 of the lease." Appellant's Supplemental Brief, 1/31/18, at 3. This argument differs from the claim now advanced by Appellant on appeal in two material respects. First, while the petition to open claimed that Pops could not enter confessed judgment, Appellant now advances a new claim that Pops was not entitled to accelerated rent. Second, the authority relied upon in Appellants' petition to open was Paragraph 45 of the parties' lease. On appeal, Appellant makes no mention of Paragraph 45, and instead, relies on decisional law. I further note that Appellant has not responded to Pops' suggestion that this issue is waived.

I do not dispute the Majority's discussion of Homart Development Co. v. Sgrenci, 662 A.2d 1092 (Pa. Super. 1995), and related authority, see Majority Opinion at 14-15, and I acknowledge that the sum of the award, $2,334,608 is extraordinary. Nevertheless, I emphasize that Appellant is a sophisticated business entity represented by counsel throughout this case, which never argued (and thus the trial court was not requested to rule on) the legal theory upon which the Majority grants relief. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.Civ.P. 2959(c) ("A party waives all defenses and objections which are not included in the petition or answer."); Jones v. Ott, 191 A.3d 782, 787 (Pa. 2018) ("[A] timely objection made to the trial court gives that court the opportunity to take immediate corrective action, which

- 3 -

promotes efficiency in the judicial process[.]"); Dollar Bank v. Swartz, 657 A.2d 1242, 1245 (Pa. 1995) ("An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court. . . . It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court."); Irwin Union Nat'l Bank & Trust Co. v. Famous, 4 A.3d 1099, 1103 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Next, I would find meritless Appellant's claim that equity compelled the opening of the confessed judgment. Appellant contends that "[t]he very essence of the lease language in dispute was to protect [it] from being bound by a ten (10) year lease [if] it could not serve alcohol"; Appellant acted in good faith to secure a liquor license; Pops "had actual knowledge of [Appellant's] notice and intent to [terminate] the lease," and, aside from breaching a merely "technical obligation" of not properly terminating the lease, Appellant substantially performed under the lease. Appellant's Brief at 22-25. Appellant asserts that Pops' failure to respond to its July 1, 2014 letter indicated that Pops accepted Appellant's notice of termination, and "when [Pops] chose not to respond, [Appellant] lost its opportunity to cure any alleged defect in the Notice of Termination." Id. at 24-25. Appellant concludes that the trial court "erred by not . . . considering that any deficiency in the Termination Letter should be . . . only a technical obligation and not a

- 4 -

substantive defect requiring the unjust and inequitable result of [Appellant's] payment of the entire balance of the Lease." Id. at 27.

The Majority's discussion of this issue goes solely to the award of accelerated rent. See Majority Opinion at 15-16. However, I construe Appellant's argument to more broadly challenge the trial court's finding that Appellant's July 1, 2014 letter did not suffice to terminate the lease. See Appellant's Brief at 22-27 (7 of 10 paragraphs addressing the July 1, 2014 letter; two additional paragraphs citing pertinent law; and final paragraph summarily concluding that the trial court's ruling was inequitable). Appellant makes a single reference to accelerated rent, stating, "The trial court, however, erred by not considering that any deficiency in the Termination Letter should be considered only a technical obligation and not a substantive defect requiring the unjust and inequitable result of [Appellant's] payment of the entire balance of the Lease." Id. at 27. To the extent Appellant seeks equitable relief with respect to the finding that it did not properly terminate the lease, I would deny relief for the reasons set forth in pages of 11 to 15 of the Majority Opinion. To the extent Appellant's equity argument also addresses the accelerated rent award, I reiterate that Appellants failed to challenge the accelerated rent before the trial court, and thus the court could not have acted inequitably in denying relief.

Finally, in light of the foregoing, I would reach the merits of Appellant's claim that the trial court erred, under Pennsylvania Rules of Civil Procedure

206.7(c) and 2959(e), in not allowing discovery or depositions. See Majority Opinion at 17 n.8. I disagree with Appellant's interpretations of these two rules.

First, Rule 206.7(c) provides, in pertinent part: "If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court." Pa.R.Civ.P. 206.7(c) (emphasis added). Appellant argues that this "[r]ule is mandatory as to [its] right to conduct depositions [and] permissive as to additional discovery." Appellant's Brief at 30. I disagree because the rule plainly states that a petitioner "may take depositions . . . or . . . other discovery as the court allows." See Pa.R.Civ.P. 206.7(c) (emphasis added).

Further, Rule 2959(e), which addresses confessed judgments, provides: "The court shall dispose of the rule [to show cause] on petition and answer, and on any testimony, depositions, admissions and other evidence." Pa.R.Civ.P. 2959(e) (emphasis added). Appellant omits the word "any" in its claim that the rule "provides that the court shall dispose of a Rule 'on petition and answer, and on testimony, depositions, admissions, and other evidence." Appellant's Brief at 30. I would hold that the word "any" — omitted by Appellant — does not support Appellant's contention that depositions are required.

For these reasons, I would affirm the order denying Appellant's petition

to open the confessed judgment in favor of Pops.  Thus, I respectfully concur and dissent.